# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 11, 2024

Charles J. Cooper
Cooper & Kirk, PLLC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036

Greg Harold Greubel
Foundation for Individual Rights and Expression
510 WALNUT ST STE 900
PHILADELPHIA, PA 19106

Leah Watson
American Civil Liberties Union Foundation
125 BROAD ST FL 18
NEW YORK, NY 10004

Appeal Number: 22-13992-X ; 22-13994-X
Case Style: LeRoy Pernell, et al v. Commissioner of the FL State Board of Education, et al
District Court Docket No: 4:22-cv-00304-MW-MAF

Counsel,

The above is scheduled for oral argument Thursday, June 13, 2024. Please be prepared to address the following at oral argument.

  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Id.* at 1209. Please explain what impact, if any, the following decisions have on this appeal:

- *Ferguson v. Thomas*, 430 F.2d 852, 859 (5th Cir. 1970) ("Dr. Ferguson exercised his rights of speech and association to such an extent as to seriously impair, if not to destroy, his effectiveness as an instructor in an organized program of academic tutoring. This was his choice to make. The college had

no right to control his speech or to curtail his freedom of association, but they did have a right to terminate his employment as a classroom instructor at the point where the exercise of his constitutional privileges clearly over-balanced his usefulness as an instructor.");
- *Megill v. Bd. of Regents of State of Fla.*, 541 F.2d 1073, 1081–82 (5th Cir. 1976) ("Dr. Megill's constitutional rights of 'freedom of speech, association, assembly, and academic freedom' were in no way infringed, as alleged, by the Board's reliance on the reason for its denial of tenure.  It is essential that an academic board review a teacher's classroom activities in determining whether to grant or deny tenure.  This review does not contravene the teacher's academic freedom.");
- *Pred v. Bd. of Pub. Instruction of Dade Cnty., Fla.*, 415 F.2d 851, 859 (5th Cir. 1969) ("[T]he two activities for which this claimed discrimination was meted out are quite different.  One, relating to the effort to organize teachers for effective action is quite removed from the classroom-schoolhouse variety.  The other, involving possible propaganda or agitation within the classroom and the course of instruction, comes much closer to collision with the need for discipline, both within the classroom and within the school as a whole.  This may well limit the extent or kind of expression of ideas under the First Amendment's umbrella.");
- *Duke v. N. Texas State Univ.*, 469 F.2d 829, 835–40 (5th Cir. 1972).

Please respond to Stephanie_Tisa@ca11.uscourts.gov to confirm receipt of these instructions.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

LetterHead Only