

**Leah Watson**
Senior Staff Attorney
Racial Justice Program
ACLU National Legal Department

March 14, 2025

<u>*Via* ECF</u>
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *Pernell, et al., v. Lamb, et al.*, No. 22-13992, Plaintiffs-Appellees' Notice of Supplemental Authority

Dear Mr. Smith:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees in *Pernell, et al., v. Lamb, et al.* bring the Court's attention to the recent decisions by the Seventh Circuit in *Kilborn v. Amiridis* and the Ninth Circuit in *Jensen v. Brown*. In *Kilborn*, the Seventh Circuit joined the Second, Fourth, Fifth, Sixth, and Ninth Circuits in holding that the public employee speech framework in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), does not apply to "speech involving university teaching and scholarship." 2025 WL 783357 at *4 (7th Cir. Mar. 12, 2025). In *Jensen*, the Ninth Circuit reaffirmed that speech related to scholarship or teaching is not covered by *Garcetti*. 2025 WL 748139 at *6 (9th Cir. Mar. 10, 2025). A copy of *Kilborn* and *Jensen* is attached.

In *Kilborn*, the Seventh Circuit noted: "We decline the University officials' invitation to extend *Garcetti* to speech involving university teaching and scholarship when the Supreme Court was unwilling to do so. Nor are we alone. Every other circuit to decide the issue has recognized that *Garcetti* does not apply to university teaching or scholarship." 2025 WL 783357 at *4. The Court emphasized the Supreme Court's longstanding commitment to academic freedom and the important role it plays in democracy. *Id.* (citing *Grutter v. Bollinger*, 539 U.S. 306, 329 (2003); *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967); *Sweezy v. New Hampshire*, 354 U.S. 234, 250 (1957)). Contrary to the academic freedom protections, the Stop W.O.K.E. Act suppresses instruction on ideas disfavored by the State of Florida.

In *Jensen*, the Ninth Circuit reaffirmed that a professor's speech about a school's curriculum "relates to scholarship or teaching and does not come within *Garcetti's*



bar on First Amendment protection for speech made pursuant to a public employee's official duties." 2025 WL 748139 *7. The Stop W.O.K.E. Act expressly limits training and instruction without regard for *Garcetti*'s exception for scholarship or teaching.

Just as the Second, Fourth, Fifth, Sixth, Seventh, and Ninth Circuits, this court should hold speech related to scholarship or teaching in higher education is not covered by *Garcetti*.

Sincerely,

/s/ Leah M. Watson


Leah M. Watson
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
Tel: 212.519.7855
Lwatson@aclu.org

*Attorney for Plaintiffs-Appellees in Pernell, et al., v. Lamb, et al.*

Cc: All Counsel of Record via ECF

Encl. *Kilborn v. Amiridis,* 2025 WL 783357 (7th Cir. Mar. 12, 2025) and *Jensen v. Brown,* 2025 WL 748139 (9th Cir. Mar. 10, 2025).



## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because it contains 345 words.

Dated: March 14, 2025  */s/ Leah Watson*
Leah Watson

*Counsel for Plaintiffs-Appellees in Pernell, et al., v. Lamb, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, the foregoing document was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

Dated: March 14, 2025  */s/ Leah Watson*
Leah Watson

*Counsel for Plaintiffs-Appellees in Pernell, et al., v. Lamb, et al.*