Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

March 19, 2025

**Via CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE: *Pernell v. Lamb*, No. 22-13992 (11th Cir.), Plaintiff-Appellees' March 14, 2025, Notice of Supplemental Authority

Dear Mr. Smith:

Appellees highlight two recent decisions that, they say, show that *Garcetti v. Ceballos*, 547 U.S. 410 (2006), does not apply to university professors: *Kilborn v. Amiridis*, No. 23-3196, 2025 WL 783357 (7th Cir. 2025), and *Jensen v. Brown*, No. 23-2545, 2025 WL 748139 (9th Cir. 2025). But this Court's decision in *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991), controls, and no out-of-circuit precedent can change that.

*Bishop* held that a university "necessarily has dominion over what is taught by professors and may so manage them." *Id.* at 1078. Therefore, when a professor and a university "disagree about a matter of content in the courses he teaches," the university "must have the final say in such a dispute." *Id.* at 1076. That holding correctly anticipated *Garcetti*, and it forecloses Plaintiffs' claims.

Even on their own terms, neither decision adds anything to the analysis here. *Jensen* did not involve in-class curricular speech, *see* 2025 WL 748139 at *5, and the Ninth Circuit's decision was thus merely an application of its prior decision in *Demers v. Austin*, 746 F.3d 402 (9th Cir. 2014)—which, as Appellants have explained, is distinguishable on that basis. *See* Doc. 100 at 17.

The Seventh Circuit's cursory analysis in *Kilborn* appears to elevate the Supreme Court's *reservation* of the question whether *Garcetti* applies to university professors' in-class speech into a *holding* that it does not. *See* 2025 WL 783357 at *4 (*Garcetti* "made clear that [the] decision did not extend to" teaching, and it "singl[ed] out the public university setting from an otherwise generally applicable rule."). That reasoning is wrong, and this Court should not follow it. *See Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1333 (11th Cir. 2023). Nor did the Seventh Circuit panel engage with any of the principles underlying the government-speech doctrine that call for applying *Garcetti* to professors' in-class speech. *See* Doc. 45 at 26-31. Lastly, Plaintiffs' claims fail under *Pickering v. Board of Education*, 391 U.S. 563 (1968), in any event. *See* Doc. 100 at 17.

Respectfully Submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 337 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: March 19, 2025            /s/Charles J. Cooper  
                                            Charles J. Cooper

                                            *Counsel for Defendants-Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on March 19, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 19, 2025                /s/Charles J. Cooper
                                     Charles J. Cooper

                                     *Counsel for Defendants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS AND
# CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in these appeals are, to the best of my knowledge, complete.

Dated: March 19, 2025               Respectfully submitted,

/s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendant-Appellants*