# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

September 1, 2025

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE:  *Pernell, et al. v. Lamb, et al.*, No. 22-13992, and *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994, Defendants-Appellants' Notice of Supplemental Authority

Dear Mr. Smith:

Pursuant to FRAP 28(j), Defendants-Appellants bring the Court's attention to the decision in *Simon v. Ivey*, No. 2:25-cv-67, 2025 WL 2345845 (N.D. Ala. Aug. 13, 2025), which involved First Amendment and vagueness challenges brought by university professors to Alabama's SB 129—challenges that are materially identical to the claims at issue here. Like Florida's Individual Freedom Act, SB 129 regulates classroom instruction related to eight prohibited "divisive concepts" in higher education but permits "teaching or discussion of any divisive concept in an objective manner and without endorsement as part of a larger course of academic instruction." Ala. Code § 41-1-93(3)(b).

The *Simon* plaintiffs heavily relied on the district court's opinion in this case. *Simon* at *65. Although the court in *Simon* discussed some differences between the IFA and SB 129, the court did not mince words in rejecting the "unsound reasoning" in the decision below, *id.* at *65, explaining that the court "reject[ed] the rationale of *Pernell* root and branch," *id.* at *66.

In a thorough 123-page opinion, *Simon* held that the university professors' First Amendment claim failed under three different binding precedents: *Garcetti v. Ceballos*, 547 U.S. 410 (2006), *Pickering v. Board of Education*, 391 U.S. 563 (1968), and this Court's decision in *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991). *See Simon* at *54-66. Noting that "the *Pernell* court … read *Bishop* to mean precisely the opposite of what it actually says," *id.* at *65, the *Simon* court held that "*Bishop* authoritatively decided that professors do not have a First Amendment right to override their employer's decisions about the content of classroom instruction," *id.* at *62.

*Simon* also rejected the *Pernell* court's vagueness analysis as "not persuasive." *Id.* at *72; *see id.* at *76 ("reject[ing] the mental gymnastics in which the district court in *Honeyfund* [and subsequently *Pernell*] engaged"). Most notably, *Simon* rejected the conclusion of the court below that the word "objective" is somehow unconstitutionally vague. *Id.* at *72-73.

The court's analysis in *Simon* completely dismantles, point by point, the decision below in this case and demonstrates why this Court should reverse.

Respectfully Submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 346 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: September 1, 2025 /s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on September 1, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 1, 2025

/s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendants-Appellants*