# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

February 17, 2026

**Via CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE:    *Pernell, et al. v. Lamb, et al.*, No. 22-13992, and *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994

Dear Mr. Smith:

Defendants-Appellants write to draw the Court's attention to the Fourth Circuit's recent decision in *Polk v. Montgomery County Public Schools*, No. 25-1136, 2026 WL 216479 (4th Cir. January 28, 2026).

In *Polk* a divided panel held that a public-school teacher's required use of students' preferred pronouns in the classroom is government speech and thus is outside the First Amendment's protections under *Garcetti v. Ceballos*, 547 U.S. 410 (2006). "[W]hen Polk uses pronouns to refer to students in the classroom setting, she is acting as a teacher, not as a citizen." 2026 WL 216479, at *13 (cleaned up). And a teacher's classroom "words are really the words of the employer" who "may insist that the employee deliver any lawful message." *Id.* at *14 (quoting *Janus v. AFSCME*, 585 U.S. 878, 908, 910 (2018)).

Judge Wilkinson argued in dissent that a teacher's use of pronouns is protected "noncurricular" speech, but he agreed that the government has "broad authority over curricular matters, and *Garcetti* rightly prevents primary and secondary teachers from endlessly second-guessing the government's decisions on what to teach." *Polk*, 2026 WL 216579, at *19 (Wilkinson, J., dissenting). Thus, *all three* judges

concluded that *curricular* speech, like that solely at issue here, is government speech, unprotected by the First Amendment.

To be sure, *Polk* concerned a grade school, not a state university. *Id.* at *14 n.13. But as explained in our opening brief, the Supreme Court's government-speech principles apply to all teachers the State hires to deliver its lawful messages in its classrooms, including university professors. *See* Doc. 45 at 36–41.

Respectfully,

*/s/ Charles J. Cooper*
Charles J. Cooper
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 263 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: February 17, 2026                    /s/Charles J. Cooper

                                            Charles J. Cooper

                                            *Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on February 17, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: February 17, 2026            /s/Charles J. Cooper

                                    Charles J. Cooper

                                    *Counsel for Defendants-Appellants*