**Leah M. Watson**
Senior Staff Attorney
Racial Justice Program
ACLU National Legal Department

February 18, 2026

*Via* **ECF**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

Re:    *Pernell, et al., v. Lamb, et al.*, No. 22-13992, Defendants-Appellants' Notice
       of Supplemental Authority

Dear Mr. Smith:

In stark contrast to this appeal, the Fourth Circuit's decision in *Polk v. Montgomery County Public Schools*, No. 25-1136, 2026 WL 216479 (4th Cir. Jan. 28, 2026), involved the speech of K-12 teachers, not university professors engaged in classroom instruction. Moreover, in a case that did involve university professors, the Fourth Circuit held that the "public employee speech" framework in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), did not apply to the speech of a university professor engaged in scholarship and teaching: "We are [] persuaded that *Garcetti* would not apply in the academic context of a public university as represented by the facts of this case." *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 562 (4th Cir. 2011). The Second, Fifth, Sixth, Seventh and Ninth Circuits have similarly held that the *Garcetti* framework does not apply to "speech involving university teaching and scholarship[.]" *Kilborn v. Amiridis*, 131 F.4th 550, 558–60 (7th Cir. 2025) (collecting cases); *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019). Accordingly, the *Polk* decision is inapposite to the appeal before this Court.

*Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991), is the controlling authority in the Eleventh Circuit regarding the First Amendment rights of university professors engaged in classroom instruction. It requires a "case-by-case inquiry" into "the context[,]" "the [u]niversity's position as a public employer[,]"

125 Broad Street, Floor 18, New York, NY 10004 | lwatson@aclu.org | 212-519-7855



and "the strong predilection for academic freedom[.]" *Id.* at 1074–75. Application of the *Bishop* analysis in this matter supports Plaintiffs-Appellees.

This Court should affirm the preliminary injunction.

Sincerely,

/s/ Leah M. Watson

Leah M. Watson
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
Tel: 212.519.7855
Lwatson@aclu.org

*Attorney for Plaintiffs-Appellees in Pernell, et al., v. Lamb, et al.*

Cc: All Counsel of Record via ECF

125 Broad Street, Floor 18, New York, NY 10004 | lwatson@aclu.org | 212-519-7855

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because it contains 254 words. This letter also complies with the typeface rule set forth in Fed. R. App. P. 32(a)(5) and the type style rule set forth in Fed. R. App. P. 32(a)(6) because it is typed in a proportionally spaced font and has a type size of 14 points.

Dated: February 18, 2026          */s/ Leah M. Watson*
                                   Leah M. Watson

                                   *Counsel for Plaintiffs-Appellees in*
                                   *Pernell, et al., v. Lamb, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, the foregoing document was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

Dated: February 18, 2026          */s/ Leah M. Watson*
                                   Leah M. Watson

                                   *Counsel for Plaintiffs-Appellees in*
                                   *Pernell, et al., v. Lamb, et al.*

125 Broad Street, Floor 18, New York, NY 10004 | lwatson@aclu.org | 212-519-7855